# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00122-CV

**Carl T. Wibbenmeyer, Appellant**

**v.**

**TechTerra Communications, Inc.; Christian Behier; and Adella Almazan-Seabolt, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 06-881-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

## DISSENTING OPINION

For the reasons detailed below, I respectfully dissent from the opinion by the majority.

The agreement at issue in this case states that "Any party that *successfully enforces* this agreement in a court of law or equity shall be entitled to its attorney and expert witness fees." (Emphasis added.) When attempting to ascertain whether this provision authorizes an award of attorney's fees in this case, the majority acknowledges the words chosen by the parties to the agreement but then equates "successfully enforces" with the phrases "successful party" and "prevailing party." The majority then analyzes the agreement using case law interpreting those phrases and concludes that the appellees were not prevailing parties because Wibbenmeyer's nonsuit was not "judicially sanctioned."

Essentially, the majority's analysis disregards the actual language of the contract and interprets the contract as if the parties had chosen to use the phrase "prevailing party" or "successful party" instead. The agreement does not contain either of those phrases, and the majority's analysis ignores the canon of contract construction requiring that contract provisions be interpreted in a way that is consistent with the plain and ordinary meanings of the words actually used in the contract. *See Fortis Benefits v. Cantu*, 234 S.W.3d 642, 649 n.41 (Tex. 2007) (explaining that courts should not insert language or delete language from "parties' agreed-to contracts"); *see also Bailey, Vaught, Robertson & Co. v. Remington Invs., Inc.*, 888 S.W.2d 860, 865 (Tex. App.—Dallas 1994, no writ) (noting that courts should "not redraft the terms of a contract while professing to construe it"); *Borders v. KRLB, Inc.*, 727 S.W.2d 357, 359 (Tex. App.—Amarillo 1987, writ ref'd n.r.e.) (stating that when construing contracts, courts must not make new contract that parties did not agree to). Given that there is necessarily some overlap between the meanings for "successfully enforce" and the phrases identified by the majority, I can understand the majority's impulse to apply case law interpreting "prevailing party" and "successful party" to the agreement at issue. However, similarity is not equality, and cases interpreting those phrases do not provide the polestar by which all fee arrangements are to be measured. In fact, the majority acknowledges that parties to an agreement may adopt fee-recovery standards that are more or less strict than the "prevailing party" standard applied under chapter 38 of the civil practice and remedies code, but the majority makes no effort to determine whether the "successfully enforces" language chosen by the parties is more or less restrictive.

2

It is my opinion that the phrase "successfully enforces" is not synonymous with "prevailing party" or "successful party" and is broad enough to entitle the appellees to attorney's fees in this case. "Enforce" has been defined to mean "to give force to" or to "give effect to." *See Webster's Third New International Dictionary*, 751 (2002). As described in the majority's opinion, Wibbenmeyer was not successful in implementing his desired construction of the agreement. Further, it is not disputed that the appellees resisted Wibbenmeyer's attempts at both the trial and the appellate level by arguing that the plain language of the agreement is inconsistent with Wibbenmeyer's construction, nor is it disputed that Wibbenmeyer's nonsuit was prompted by the appellate resolution of his request for a temporary injunction. In light of the appellees' efforts and the outcomes obtained, I believe that the appellees successfully enforced (or gave force or effect to) the agreement in a court of law.

Because the majority has ignored the actual language of the agreement and interpreted the agreement as if it contained different terminology, I dissent from the majority's analysis. Furthermore, because I believe that the contract provision at issue allows for the recovery of attorney's fees in these circumstances, I dissent from the result reached by the majority.

_____

David Puryear,  Justice

Before Justices Patterson, Puryear and Pemberton

Filed:   March 26, 2010

3